E-filing

1  JOHN SKONBERG, Bar No. 069409
   ALISON S. HIGHTOWER, Bar No. 112429
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940
   Facsimile:    415.399.8490
5  E-mail: jskonberg@littler.com
          ahightower@littler.com
6

ORIGINAL
FILED

JAN 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7  Attorneys for Defendant
   PRAXAIR DISTRIBUTION, INC.
8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

ADR

12  SETH COCKRELL,                          Case No. _____ C08-00204

13              Plaintiff,                  **NOTICE TO FEDERAL COURT OF
                                            REMOVAL OF CIVIL ACTION**
14       v.                                 **PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)
                                            AND 1446 (DIVERSITY OF CITIZENSHIP)**
15  PRAXAIR DISTRIBUTION, INC., and
16  DOES 1 through 100,

17              Defendant.

18

19  **TO THE CLERK IN THE ABOVE-ENTITLED COURT AND TO PLAINTIFF SETH
    COCKRELL AND PLAINTIFF'S ATTORNEY OF RECORD:**
20

21            PLEASE TAKE NOTICE THAT Defendant, Praxair Distribution, Inc. (hereinafter

"Defendant" or "Praxair"), hereby gives Notice of Removal of the above-entitled action from the
22
Contra Costa County Superior Court to the United States District Court for the Northern District of
23
California, San Francisco Division, and states as follows:
24
              1.    This action was commenced on or about September 28, 2007, by the
25
Complaint filed in the Superior Court for the County of Contra Costa, entitled *Seth Cockrell v.*
26
*Praxair Distribution, Inc., and Does 1 through 100* (hereinafter "the Complaint").
27
///
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    -1-

1       2.     A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2       3.     On October 26, 2007, Defendant filed an Answer to the Complaint in the Superior Court for the County of Contra Costa. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

       4.     No further proceedings have been heard at the Superior Court for the County of Contra Costa. No discovery has been completed.

**JURISDICTION**

       5.     This is a civil suit pending in the superior court of Contra Costa County, California. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446. Defendant is informed and believes that Plaintiff is domiciled in the town of Knightsen in Contra Costa County and is a citizen of California. This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441(b) as a result of the existence of diversity jurisdiction. Defendant Praxair Distribution, Inc. is incorporated in the State of Delaware and at the time the Complaint was filed and now, its principal place of business is in Connecticut. No other defendant is named or has been served. Accordingly, no defendant is a citizen of California.

       6.     The Complaint alleges that Plaintiff was not paid for all overtime worked, was not provided the opportunity to take meal periods, did not receive all owed wages at the time of termination, and did not receive timely and accurate wage and hour statements. The Complaint is silent on the amount of damages Plaintiff seeks. Calculating the damages based on the allegations in the Complaint was not possible because the Complaint does not state the number of overtime hours Plaintiff allegedly worked without pay, nor the number of meal breaks Plaintiff supposedly worked without compensation. Thus, removal based on diversity was not possible at the time of service of the Complaint since it was not facially apparent that the amount in controversy exceeds the jurisdictional amount.

       7.     On December 14, 2007, counsel for Plaintiff provided a spreadsheet calculating the damages Plaintiff seeks, totaling **$54,270.77**, exclusive of interest and attorney's fees. A true and correct copy of this spreadsheet is attached as **Exhibit C**.

       8.     Included in the damages Plaintiff seeks is compensation for meal periods

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2.

allegedly not provided pursuant to Labor Code section 226.7. This section provides, "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." The California Supreme Court recently held that this compensation is a "wage," not a "penalty." *Kenneth Cole Productions v. Murphy*, 40 Cal.4[th] 1094 (2007). Plaintiff seeks $19,215.71 in such wages.

9.      Plaintiff also seeks attorney's fees pursuant to Labor Code sections 1194 and 218.5. Defendant is informed and believes and thereon alleges that Plaintiff has already incurred approximately $4,000 in fees, and at $300 per hour, is likely to incur in excess of the $20,729.23 needed to meet the jurisdictional minimum by the time he prosecutes this case through judgment. (Declaration of Alison S. Hightower, ¶ 7-8 and Exs. 1 and 2.) *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) (denying remand because appropriate to include a reasonable estimate of attorney's fees likely to be expending when determining amount in controversy); *Alexander v. Fedex Ground Package System, Inc.*, 2005 WL 701601 (N.D. Cal. 2005) (fees under Labor Code section 1194 included to determine amount in controversy). The preponderance of the evidence demonstrates that the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and cost.

10.      The instant Notice of Removal is timely filed as it is filed within thirty (30) days of the date of receipt of sufficient evidence to establish that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 1446(b).

11.      A copy of this Notice of Removal will be filed with the Clerk for the Superior Court of the State of California for Contra Costa County and served upon all parties as required by 28 U.S.C. § 1446(d).

## INTRADISTRICT ASSIGNMENT

12.      All civil actions that arise in the county of Contra Costa shall be assigned to the San Francisco or Oakland Division. Northern District Civil Local Rule 3-2(d).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

3.

1        13.    At the time the Complaint was filed and as of now, Praxair did and does

2    business in Contra Costa County and Plaintiff is domiciled in Contra Costa County.  The events

3    alleged occurred in Contra Costa County and San Francisco County.

4        14.    Contemporaneously with the filing of this Notice of Removal in the United

5    States District Court for the Northern District of California, Defendant will file a Notice of Removal

6    to Federal Court to Plaintiff, Plaintiff's Counsel and State Court (with its attachments) with the Clerk

7    of the Superior Court for the County of Contra Costa, pursuant to 28 U.S.C. § 1446(d).  A true and

8    correct of said Notice without attachments is attached hereto as **Exhibit D**.

9        WHEREFORE, having provided notice as is required by law, Defendant respectfully

10   requests that the Clerk note that this action has been removed from the Superior Court for the

11   County of Contra Costa to this Court, and that all proceeding hereafter shall take place in the United

12   States District Court for the Northern District of California..

13   Dated: January 11, 2008

14

15   ALISON S. HIGHTOWER
16   LITTLER MENDELSON
     A Professional Corporation
     Attorneys for Defendant
17   PRAXAIR DISTRIBUTION, INC.

18   Firmwide:83445431.1 045147.1123

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION**    4.

1  ANTHONY J. SPERBER, Bar No. 197962
   LAW OFFICE OF ANTHONY J. SPERBER
2  1808 Sixth Street, Berkeley, CA 94710
   Tel: 510.845.8844
3  Fax: 510.845.1998
4  anthony@sperberlaw.com

5  Attorneys for
   PLAINTIFF SETH COCKRELL
6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF CONTRA COSTA

10                    UNLIMITED CIVIL CASE

11

12  SETH COCKRELL,                    Case No.  **C 07 - 02143**

13              Plaintiff,            **COMPLAINT FOR DAMAGES**

14      v.                            **FAILURE TO PAY OVERTIME WAGES**
                                      (LABOR CODE §§ 1194, 558), FAILURE TO
15  PRAXAIR DISTRIBUTION, INC., and   PROVIDE MEAL PERIODS OR
    DOES 1 through 100,               COMPENSATION IN LIEU THEREOF (LABOR
16                                    CODE §§ 226.7, 512), FAILURE TO COMPLY
             Defendants.              WITH ITEMIZED EMPLOYEE WAGE
17                                    STATEMENT PROVISIONS (LABOR CODE §
                                      226(b), FAILURE TO PAY FINAL WAGES OF
18                                    TERMINATED EMPLOYEE (LABOR CODE §§
                                      201-203)
19
                                      _____
20                                    **JURY TRIAL DEMANDED**

21

22            **GENERAL ALLEGATIONS**

23  PLAINTIFF Seth Cockrell ("PLAINTIFF") alleges:

24      1.      PLAINTIFF is, and at all times mentioned in this Complaint was, a resident of Contra

25  Costa County, California.

26      2.      PLAINTIFF is informed and believes that Defendant PRAXAIR DISTRIBUTION

27  INC. ("DEFENDANT" or "PRAXAIR") is, and at all times mentioned in this Complaint was, a

28

COMPLAINT                          - 1 -                          CASE NO.

1   corporation qualified to do business in California and at all times mentioned herein, was doing
2   business in Contra Costa County.

3       3.      As set forth below, PLAINTIFF performed work for DEFENDANT in Contra Costa
4   County County.  The unlawful acts of DEFENDANT, alleged herein, occurred in Contra Costa
5   County. Therefore, Contra Costa County, California is the proper venue for this action.

6       4.      PLAINTIFF does not know the true names of DOES 1 through 100, inclusive, and
7   therefore sues them by those fictitious names.  PLAINTIFF will amend this Complaint to show the
8   true identities and capacities of the DOE defendants when they have been ascertained.

9       5.      On or about January 6, 2003, DEFENDANT hired PLAINTIFF as a truck driver to
10  transport hazardous materials (or "haz-mat").  His employment terminated in December 2006.

11      6.      Throughout PLAINTIFF'S employment, DEFENDANT deducted two-and-a-half
12  hours from PLAINTIFF'S weekly paychecks, representing five half-hour lunch periods per week
13  during which PLAINTIFF was not relieved of all duties as required by the Federal Motor Carrier
14  Safety Regulations for haz-mat truck drivers and by California law.  PLAINTIFF repeatedly brought
15  this issue to DEFENDANT'S attention, but DEFENDANT refused to change this illegal practice.

16      7.      This illegal practice, in turn, resulted in frequent improper reductions of
17  PLAINTIFF'S overtime pay.

18      8.      In addition, PLAINTIFF was not fully compensated for several holidays he worked
19  during the course of his employment.

20      9.      Despite being advised of these issues on numerous occasions, DEFENDANT failed
21  and refused to rectify the situation.

**FIRST CAUSE OF ACTION**
**Failure To Pay Overtime Wages In Violation Of**
**Labor Code Sections 1194, 558**
**[AGAINST PRAXAIR]**

25      10.     PLAINTIFF incorporates by reference paragraphs 1 through 9, inclusively, as if fully
26  set forth herein.

11.    California Labor Code section 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the balance of that overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

12.    PLAINTIFF was a non-exempt employee covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including 9-2001 ("Wage Orders") and Labor Code section 510.  Plaintiff was not subject to an exemption for executive, administrative or professional employees.  Therefore, PRAXAIR was required to pay PLAINTIFF overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one week.

13.    PLAINTIFF was regularly required to work overtime hours and is entitled to overtime compensation for overtime performed during the four-year period prior to filing this action, in an amount according to proof, as well as underpayment penalties under Labor Code section 558.

14.    In addition, PLAINTIFF is entitled to attorneys' fees and costs under Labor Code section 1194.  PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

**SECOND CAUSE OF ACTION**
**Failure To Provide Meal Periods**
**In Violation Of Labor Code Sections 226.7, 512**
**[AGAINST PRAXAIR]**

15.    PLAINTIFF incorporates by reference paragraphs 1 through 14, inclusively, as if fully set forth herein.

16.    PRAXAIR routinely failed to provide PLAINTIFF with meal periods during his work shifts, and failed to compensate PLAINTIFF for those meal periods, as required by California Labor Code sections 226.7, 512, and other applicable sections of the Labor Code and interpreting regulations.  As alleged herein, PLAINTIFF was not exempt from the meal period requirements under California law.

## FOURTH CAUSE OF ACTION
### Failure To Pay Final Wages In Violation
### Of Labor Code Sections 201-203
### [AGAINST DEFENDANT PRAXAIR]

25.     PLAINTIFF incorporates by reference paragraphs 1 through 24, inclusively, as if fully set forth herein.

26.     PRAXAIR failed to pay PLAINTIFF the final wages he was owed immediately upon his termination, as required by California Labor Code sections 201 and 202.

27.     Based on PRAXAIR'S conduct as alleged herein, PRAXAIR is liable for damages and statutory penalties pursuant to Labor Code section 203. PRAXAIR is also liable for PLAINTIFF'S attorneys' fees pursuant to Labor Code section 218.5.

28.     PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

### PRAYER FOR RELIEF

PLAINTIFF prays for judgment against DEFENDANT as follows:

1.     For actual and compensatory damages;

2.     For statutory penalties as set forth herein;

3.     For costs of suit and attorneys' fees pursuant to Labor Code section 218.5;

4.     For prejudgment interest on all amounts claimed;

5.     For punitive damages;

6.     For an order of disgorgement and restitution of all improperly withheld monies; and

7.     For any other and further relief that the Court considers proper.

Dated:  September 27, 2007

LAW OFFICE OF ANTHONY J. SPERBER

By: _____

Attorney for PLAINTIFF SETH COCKRELL

COMPLAINT

- 5 -

CASE NO.



JOHN SKONBERG, Bar No. 069409
ALISON S. HIGHTOWER, Bar No. 112429
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: jskonberg@littler.com
ahightower@littler.com

Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

UNLIMITED CIVIL CASE

SETH COCKRELL,

Plaintiff,

v.

PRAXAIR DISTRIBUTION, INC., and
DOES 1 through 100,

Defendants.

Case No. C 07-024143

ANSWER TO UNVERIFIED COMPLAINT

ANSWER TO COMPLAINT
(CASE NO. C 06-01991)

1   JOHN SKONBERG, Bar No. 069409
    ALISON S. HIGHTOWER, Bar No. 112429
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA  94108.2693
4   Telephone:    415.433.1940
    Facsimile:    415.399.8490
5   E-mail: jskonberg@littler.com
            ahightower@littler.com
6
    Attorneys for Defendant
7   PRAXAIR DISTRIBUTION, INC.

**ORIGINAL**

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF CONTRA COSTA

10                            UNLIMITED CIVIL CASE

11
    SETH COCKRELL,                        Case No.  C 07-024143
12
                Plaintiff,                **ANSWER TO UNVERIFIED COMPLAINT**
13
         v.
14
    PRAXAIR DISTRIBUTION, INC., and
15  DOES 1 through 100,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT
(CASE NO.  C 06-01991)

1    Defendant Praxair Distribution, Inc. ("Praxair"), hereby answers the Complaint of

2    Seth Cockrell ("Plaintiff") as follows:

3    Pursuant to § 431.30 of the California Code of Civil Procedure, Praxair generally and

4    specifically denies each and every assertion and cause of action alleged in Plaintiff's unverified

5    Complaint, and, without limiting the generality of the foregoing, denies that Plaintiff has been

6    damaged in any amount, or at all, by reason of any act or omission of Defendant, or any of its past or

7    present agents, representatives or employees.

8    **AFFIRMATIVE DEFENSES**

9    In further answer to the Complaint, and as separate and distinct affirmative and other

10    defenses, Praxair alleges the following defenses. In asserting these defenses, Praxair does not

11    assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

12    **FIRST DEFENSE**

13    **(Failure To State A Cause of Action)**

14    The Complaint, and each purported cause of action alleged therein, fails to state facts

15    sufficient to constitute a cause of action upon which any relief may be granted.

16    **SECOND DEFENSE**

17    **(Release)**

18    The Complaint, and each purported cause of action alleged therein, is barred, in

19    whole or in part, because the obligations or liabilities alleged on the part of Defendant have been

20    satisfied, released and/or otherwise discharged

21    **THIRD DEFENSE**

22    **(Preemption)**

23    Defendant alleges that Plaintiff's claims are preempted, in whole or in part, by federal

24    law, including but not limited to the Hazardous Materials Transportation Act.

25    ///

26    ///

27    ///

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT
(CASE NO. C 06-01991)    2.

**FOURTH DEFENSE**

**(No Sums Due)**

Plaintiff is precluded from recovering any amounts from Praxair where Praxiar has paid Plaintiff all sums legally due under California law.

**FIFTH DEFENSE**

**(Failure to Perform Expected Duties)**

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff misperformed his respective duties and/or failed to perform the duties which Defendant realistically expected him to perform.

**SIXTH DEFENSE**

**(De Minimus Time)**

Some or all of the disputed time for which Plaintiff seeks to recover (of wages purportedly owed) is not compensable pursuant to the doctrine of *de minimis non curat lex.*

**SEVENTH DEFENSE**

**(Exemplary Damages Unconstitutional)**

Defendant alleges Plaintiff is not entitled to recover punitive or exemplary damages because California and the federal laws regarding the alleged conduct are too vague to permit the imposition of punitive damages and because any award of exemplary damages would violate Defendant's constitutional rights under the provisions of the United States or California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**EIGHTH DEFENSE**

**(Unjust Enrichment)**

Defendant alleges that Plaintiff would be unjustly enriched if allowed to recover anything from Defendant.

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

ANSWER TO COMPLAINT
(CASE NO. C 06-01991)

3.

1

**NINTH DEFENSE**

2

**(Consent)**

3    Defendant alleges that Plaintiff's claims are barred to the extent of Plaintiff's express

4    or implicit consent to the conduct he attributes to Defendant.

5

**TENTH DEFENSE**

6

**(Equitable Defenses)**

7    Some or all of the purported cause of action alleged in the Complaint are barred in

8    whole or in part by the equitable doctrines of laches, avoidable consequences, waiver, estoppel

9    and/or unclean hands.

10

**ELEVENTH DEFENSE**

11

**(Good Faith)**

12    Plaintiff is not entitled to any penalty award under the California Labor Code because

13    Praxair did not willfully fail to comply with the applicable compensation provisions of California

14    law, but rather acted in good faith and had reasonable grounds for believing it did not violate them.

15

**TWELFTH DEFENSE**

16

**(Intervening Cause)**

17    Defendant alleges that the damages alleged in the Complaint were proximately

18    caused by or contributed to by the acts, or failures to act, of persons other than Defendant, and/or

19    factors unrelated to any alleged acts or omissions of Defendant, and that these acts or failures to act

20    constitute an intervening and superseding cause of the damages and injuries alleged in the

21    Complaint.

22

**THIRTEENTH DEFENSE**

23

**(Failure To Mitigate)**

24    Defendant alleges that Plaintiff failed to take reasonable steps to mitigate his alleged

25    damages.

26    ///

27    ///

28    ///

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT
(CASE NO. C 06-01991)                    4.

1

## FOURTEENTH DEFENSE

2

### (Negligence)

3       Defendant alleges that the injuries and damages alleged in the Complaint were caused

4  or contributed to by Plaintiff's own negligent or intentional acts or failures to act and that Plaintiff's

5  recovery, if any, should be reduced by an amount proportionate to the amount by which Plaintiff's

6  acts caused or contributed to his alleged injuries or damages.

7

## FIFTEENTH DEFENSE

8

### (Defenses Reserved)

9       Defendant has not yet completed a thorough investigation and/or complete discovery

10  of all the facts and circumstances of the subject matter of said Complaint, and accordingly, reserve

11  the right to amend, modify, revise, or supplement this Answer, and to plead such further defenses

12  and take such further action as it may deem proper and necessary in its defense upon the completion

13  of said investigation and study.

14

## PRAYER FOR RELIEF

15       1.    Plaintiff takes nothing by the Complaint and the Complaint be dismissed with

16  prejudice;

17       2.    For costs of suit and reasonable attorneys' fees incurred herein; and

18       3.    For such other and further relief as this Court deems proper.

19

20  Dated: October 26, 2007

21

22                                 *Alison D. Hightower*

23                                 ALISON S. HIGHTOWER
                                   LITTLER MENDELSON
24                                 A Professional Corporation
                                   Attorneys for Defendant
25                                 PRAXAIR DISTRIBUTION, INC.

26

27  Firmwide:83347578.1 045147.1123

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT
(CASE NO.  C 06-01991)                          5.

1   JOHN SKONBERG, Bar No. 069409
    ALISON S. HIGHTOWER, Bar No. 112429
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone:  415.433.1940
    Facsimile:  415.399.8490
5   E-mail: jskonberg@littler.com
        ahightower@littler.com
6

7   Attorneys for Defendant
    PRAXAIR DISTRIBUTION, INC.
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF CONTRA COSTA

11                   UNLIMITED CIVIL CASE

12   SETH COCKRELL,                 |  Case No. C 07-024143

13         Plaintiff,            |  PROOF OF SERVICE

14     v.

15   PRAXAIR DISTRIBUTION, INC., and
    DOES 1 through 100,
16

17         Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

                   PROOF OF SERVICE
                    (No. C 06-01991)

1   JOHN SKONBERG, Bar No. 069409
    ALISON S. HIGHTOWER, Bar No. 112429
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone:    415.433.1940
    Facsimile:    415.399.8490
5   E-mail: jskonberg@littler.com
            ahightower@littler.com
6
7   Attorneys for Defendant
    PRAXAIR DISTRIBUTION, INC.
8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF CONTRA COSTA

11                           UNLIMITED CIVIL CASE

12  SETH COCKRELL,                          Case No.  C 07-024143

13              Plaintiff,                  **PROOF OF SERVICE**

14       v.

15  PRAXAIR DISTRIBUTION, INC., and
    DOES 1 through 100,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PROOF OF SERVICE
(No. C 06 -01991)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On October 26, 2007, I served the within document(s):

**DEFENDANT PRAXAIR DISTRIBUTION, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

| | |
|---|---|
| ☒ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses indicated below and *(specify one)*: |
| | ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. |
| | ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service (First Legal Services  T(415) 626-3111). |
| ☐ | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| ☐ | **By e-mail or electronic transmission.** AS A COURTESY, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

Anthony J. Sperber, Esq.                    **Counsel for Plaintiff, Seth Cockrell**
Law Offices of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA  94710
Tel: (510) 845-8844
Fax: (510) 845-1998
Email: Anthony@sperberlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 26, 2007, at San Francisco, California.

Firmwide:83438407.1 045147.1123

_____
Nora Lopez Torres

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE
(CASE NO. C 06 -01991)

## Hightower, Alison S.

| | |
|---|---|
| **From:** | Anthony Sperber [anthony@sperberlaw.com] |
| **Sent:** | Friday, December 14, 2007 4:16 PM |
| **To:** | Hightower, Alison S. |
| **Subject:** | RE: Cockrell v. Praxair Answer |
| **Attachments:** | Chart of Unpaid Compensation, Penalties, Interest (12-14-07).xls |

Hi, Alison.

Attached is an Excel spreadsheet that provides the detail on Mr. Cockrell's claims. This is based on his records and my calculation of overtime, penalties and interest. Attorneys' fees and costs are not included. If your client has any records that contradict the attached, or if you believe that any of the items included are not accurate or appropriate, please let me know. The chart started as my own working copy, but I figured it might be simpler for us to work from this because you can see exactly where the numbers are coming from.

Regards,

Anthony

Law Office of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA 94710
(510) 845-8844 tel.
(510) 845-1998 fax
anthony@sperberlaw.com

ALL INFORMATION TRANSMITTED HEREBY IS INTENDED ONLY FOR ADDRESSEE(S) NAMED ABOVE. IF YOU ARE NOT AN ADDRESSEE, PLEASE NOTE THAT ANY READING, DISTRIBUTING OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY INFORM US OF THE ERROR BY TELEPHONE AND REPLY E-MAIL. THANK YOU.

---

**From:** Hightower, Alison S. [mailto:AHightower@littler.com]
**Sent:** Wednesday, November 21, 2007 12:18 PM
**To:** anthony@sperberlaw.com
**Subject:** Cockrell v. Praxair Answer

Anthony, here's the Answer to your client's Complaint that was filed on October 26. I don't know why you didn't receive a copy. We mailed it to the correct address and nothing has come back from the Post Office.

In any event, the Court rejected your request for entry of default because the Answer was on file, so now we're all set. If you could send me the Court's notice re the case management conference next February I'd appreciate it. As we discussed, please give me an estimate of your client's alleged damages and how they are calculated.

Thanks and have a good holiday.

Alison Hightower
Littler Mendelson, PC
650 California Street, 20th Floor
San Francisco, CA 94108
(415) 288-6309
(415) 743-6642 (fax)

- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is str
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.co

Littler Mendelson, P.C.
http://www.littler.com

**Seth Cockrell v. Praxair Distribution, Inc.**
**Chart of Unpaid Compensation, Penalties & Interest**

| | 2003 | | 2004 | | 2005 | | 2006 | | Sub-Totals | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|
| January | | | | | | | | | | |
| February | | | | | | | | | | |
| March | | | | | | | | | | |
| April | | | | | | | | | | |
| May | | | | | | | | | | |
| June | | | | | | | | | | |
| July | | | | | | | | | | |
| August | | | | | | | | | | |
| September | | | | | | | | | | |
| October | | | | | | | | | | |
| November | | | | | | | | | | |
| December | | | | | | | | | | |
| *Total Days* | | | | | | | | | | |
| x .5 | | | | | | | | | | |
| x 1.5 hourly | | | | | | | | | $12,280.85 | |
| x 2.0 hourly | | | | | | | | | $2,824.49 | |
| *Sub-Totals* | | | | | | | | | $15,105.34 | $15,105.34 |

## Seth Cockrell v. Praxair Distribution, Inc.
## Chart of Unpaid Compensation, Penalties & Interest

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Penalties (226) | | | | | | | | | $4,000.00 |
| Penalties (226.7) | | | | | | | | | $19,215.70 |
| Penalties (558) | | | | | | | | | $5,200.00 |
| Penalties (203) | | | | | | | | | $10,749.?? |
| Interest[4] | | | | | | | | | $23,752.4? |
| Sub-Totals | | | | | | | | | $78,023.1? |
| | | | | | | | | | |
| | | | | | | | 7/3/2006 | $282.00 | |
| | | | | | | | 11/24/2006 | $94.00 | |
| | | | | | | | 12/24/2006 | $141.00 | |
| | | | | | | | Total | $517.00 | $517.00 |
| | | | | | | | | | |
| Q4 2006: 21499.4 | | | | | | | | | |
| | | | | | | | TOTAL | | $78,540.18 |

1  JOHN SKONBERG, Bar No. 069409
   ALISON S. HIGHTOWER, Bar No. 112429
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5  E-mail: jskonberg@littler.com
            ahightower@littler.com
6

7  Attorneys for Defendant
   PRAXAIR DISTRIBUTION, INC.
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF CONTRA COSTA

11                      UNLIMITED CIVIL CASE

12  SETH COCKRELL,                    Case No. C 07-02 143

13            Plaintiff,              **NOTICE TO PLAINTIFF, PLAINTIFF'S
                                      COUNSEL AND STATE COURT OF
14       v.                           REMOVAL OF CIVIL ACTION
                                      PURSUANT TO 28 U.S.C. § 1441(b)
15  PRAXAIR DISTRIBUTION, INC., and   (FEDERAL QUESTION)**
    DOES 1 through 100,
16                                    Dept:        9
            Defendant.               Judge:       Hon. Judy Craddick
17

18

19       **TO  THE  SUPERIOR  COURT  OF  CALIFORNIA  FOR  THE  COUNTY  OF**

20  **CONTRA  COSTA,  PLAINTIFF  SETH  COCKRELL  and  PLAINTIFF'S  ATTORNEY  OF**

21  **RECORD:**

22       **PLEASE TAKE NOTICE** that Defendant PRAXAIR DISTRIBUTION, INC., doing

23  have on January 11, 2008, filed a Notice of Removal in the office of the Clerk of the United States

24  District Court in and for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367,

25  1441(b) and 1446.  A true and correct copy of said Notice of Removal and accompanying exhibits

26  are attached hereto and incorporated herein by reference as Exhibit A.

27

28

                                      -1-

1    JOHN SKONBERG, Bar No. 069409
     ALISON S. HIGHTOWER, Bar No. 112429
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street, 20th Floor
     San Francisco, CA  94108.2693
4    Telephone:     415.433.1940
     Facsimile:     415.399.8490
5    E-mail: jskonberg@littler.com
           ahightower@littler.com
6

7    Attorneys for Defendant
     PRAXAIR DISTRIBUTION, INC.
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF CONTRA COSTA

11                    UNLIMITED CIVIL CASE

12   SETH COCKRELL,                        Case No. C 07-02 143

13                  Plaintiff,             **PROOF OF SERVICE**

14        v.

15   PRAXAIR DISTRIBUTION, INC., and
     DOES 1 through 100,
16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On January 11, 2008, I served the within document(s):

**NOTICE TO PLAINTIFF, PLAINTIFF'S COUNSEL AND STATE COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)**

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 (DIVERSITY OF CITIZENSHIP) (WITH EXHIBITS A-D)**

**CIVIL COVER SHEET**

**DECLARATION OF ALISON S. HIGHTOWER IN SUPPORT OF PRAXAIR'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 (DIVERSITY OF CITIZENSHIP) (WITH EXHIBIT 1)**

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

| | |
|---|---|
| ☒ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses indicated below and *(specify one)*: |
| | ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. |
| | ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service (First Legal Services  T(415) 626-3111). |
| ☐ | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| ☐ | **By e-mail or electronic transmission. AS A COURTESY,** I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Anthony J. Sperber, Edq.                    **Counsel for Plaintiff, Seth Cockrell**
Law Offices of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA  94710
Tel: (510) 845-8844
Fax: (510) 845-1998
Email: Anthony@sperberlaw.com

I declare under penalty of perjury under the laws of the State of California that the

above is true and correct. Executed on January 11, 2008, at San Francisco, California.

_____
                                    Nora Lopez Torres

Firmwide:83438407.1 045147.1123

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

PROOF OF SERVICE   (STATE CASE NO.  07-024143)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SETH COCKRELL | PRAXAIR DISTRIBUTION, INC. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Contra Costa**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anthony J. Sperber, Esq.
Law Offices of Anthony J. Sperber
1808 Sixth Street, Berkeley, CA 94710
Tel: (510) 845-8844 Fax: (510) 845-1998
Email: Anthony@sperberlaw.com

ATTORNEYS (IF KNOWN)
ALISON HIGHTOWER, Esq.
Attorney for Defendant, PRAXAIR DISTRIBUTION, INC.
LITTLER MENDELSON, PC
650 California St., 20th Fl. San Francisco, CA 94108.2693
T(415)288-6309 F(415)743-6642 EmailAHightower@littler.com

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage - Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [X] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Failure to pay overtime wages (Labor code §§1194, 558), Failure to provide meal periods or compensation in lieu thereof (Labor code §§226.7, 512), Failure to comply with itemized employee wage statement provisions (Labor Code §§226(b), Failure to pay final wages of terminated employee (Labor Code §§201-203)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY) [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
January 11, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Alison S. Hightower*
Alison S. Hightower, Attorney for DEFENDANT

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com