E-filing



JOHN SKONBERG, Bar No. 069409
ALISON S. HIGHTOWER, Bar No. 112429
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:    415.399.8490
E-mail: jskonberg@littler.com
         ahightower@littler.com

Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH COCKRELL,<br><br>           Plaintiff,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC., and DOES 1 through 100,<br><br>           Defendants. | Case No.  C08-00204<br><br>**DECLARATION OF ALISON S. HIGHTOWER IN SUPPORT OF PRAXAIR'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 (DIVERSITY OF CITIZENSHIP)** |

I, Alison S. Hightower, declare:

1. I am a shareholder of Littler Mendelson, P.C., counsel of record for defendant Praxair Distribution, Inc. ("Praxair"), and am licensed to practice before this Court and the courts of the State of California. I make this declaration under personal knowledge and if called as a witness could so competently testify.

2. A true and correct copy of the Complaint is attached to the Notice of Removal as **Exhibit A**.

3. On October 26, 2007, Defendant filed an Answer to the Complaint in the Superior Court for the County of Contra Costa. A true and correct copy of the Answer is attached to the Notice of Removal as **Exhibit B**.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF ALISON S. HIGHTOWER ISO
PRAXAIR'S REMOVAL NOTICE                -1-

4.     No further proceedings have been heard at the Superior Court for the County of Contra Costa.

5.     The Complaint is silent on the amount of damages Plaintiff seeks. Calculating the damages based on the allegations in the Complaint was not possible because the Complaint does not state the number of overtime hours Plaintiff allegedly worked without pay, nor the number of meal or rest breaks Plaintiff supposedly worked without compensation.

6.     On December 14, 2007, as part of settlement discussions, counsel for Plaintiff provided a spreadsheet calculating the damages Plaintiff seeks, totaling **$54,270.77**, exclusive of interest and attorney's fees. A true and correct copy of this spreadsheet is attached to the Notice of Removal as **Exhibit C**.

7.     On January 9, 2008, I had further settlement discussions with counsel for Plaintiff, Anthony Sperber. Mr. Sperber informed me that he charges $300 an hour for his services, and that he has expended approximately four thousand dollars ($4,000) in attorney's fees to date. No depositions have yet been taken (although Praxair noticed the deposition of Plaintiff, but it was deferred at Plaintiff's request). Mr. Sperber indicated in this conversation that he expected that if the action does not settle he estimates that his fees would exceed forty thousand dollars and probably be in the high five figures through judgment. Mr. Sperber stated that he anticipated that he would attend depositions of his client, one or more "persons most knowledgeable" from Praxair, and at least one witness to alleged discussions regarding the company's policies regarding on-duty versus off-duty meal periods.

8.     In addition, in my professional opinion after over 20 years of practicing law, I anticipate that there would be depositions of Plaintiff's former supervisor, the former plant manager, the driver who was Plaintiff's "back-up," and the company's trainer. These depositions in my opinion would require Plaintiff's counsel to expend at least 40 hours to prepare for and attend. I also anticipate that Plaintiff and Praxair would each file motions for summary judgment, necessitating at least 40 hours of time by Plaintiff's counsel to prepare and oppose. Plaintiff's counsel would likely expend at least 25 hours responding to and propounding written discovery and conducting document production (including reviewing documents produced by Plaintiff and Praxair), assuming no motions

to compel are filed by either party. Plaintiff's counsel would likely expend at least 15 hours preparing case management conference statements, Rule 26 disclosures, and pre-trial conference statements and attending such conferences. I estimate that Plaintiff's counsel also would expend at least 30 hours locating appropriate experts, obtaining and reviewing expert reports, and deposing experts. Pre-trial and trial preparation would require an estimated minimum of 30 hours, and trial itself would require at least 70 hours (assuming at least 5 days of *in limine* motions, *voir dire*, trial, and post-trial motions).

9. These conservative estimates total at least 250 hours, which at $300 per hour, would result in attorney's fees incurred of at least $75,000, plus the $4,000 Plaintiff's counsel has already incurred. This conservative minimum of $79,000 in anticipated attorney's fees far exceed the $20,729.23 necessary to meet the jurisdictional minimum.

10. These anticipated attorney's fees are supported by judicial opinions that report the amount of attorney's fees incurred by plaintiffs in similar cases that have gone to judgment. *E.g., Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 316 (2005) (attorney's fees and costs of $301,625 under Section 1194); *Barboza v. West Coast Digital GSM, Inc.*, 2007 WL 1810663 (L.A. Superior Ct. No. BC 325051) (requesting attorney fees in the amount of $79,712 for wage and hour violations); *see also, Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (attorney's fees in discrimination case likely to be sufficient to exceed minimum jurisdiction where plaintiff estimating wage loss at time of removal at $25,600). A true and correct copy of the unpublished decision is attached as Exhibit 1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 11, 2008

_____
ALISON S. HIGHTOWER

Firmwide:84022633.1 045147.1123

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF ALISON S. HIGHTOWER ISO
PRAXAIR'S REMOVAL NOTICE

3.

# EXHIBIT 1

Case 3:08-cv-00204-PJH    Document 2    Filed 01/11/2008    Page 5 of 11



Not Reported in Cal.Rptr.3d                                                                                                                                Page 1

Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

► Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal, Second District, Division 4, California.
Jesus BARBOZA, et al., Plaintiffs and Appellants,
v.
WEST COAST DIGITAL GSM, INC., Defendant and Respondent.
No. B193619.
(Los Angeles County Super. Ct. No. BC325051).

June 25, 2007.

APPEAL from a judgment of the Superior Court for Los Angeles County, William F. Fahey, Judge. Reversed.

Barritt Smith, Douglas A. Barritt and Perry G. Smith for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

WILLHITE, J.

*1 This is the second appeal by plaintiffs and appellants Jesus Barboza, Juan Gonzalez, and Adolfo Sanchez in this case against defendant West Coast Digital GSM, Inc. (WCD). In the first appeal, we reversed the trial court's denial of class certification. While that appeal was pending, trial went forward on plaintiffs' individual claims of wage and hour violations. At trial, plaintiffs prevailed on most of their damages and penalties claims, but the trial court denied their request for injunctive relief. They moved for statutory attorney fees in the amount of $79,712. The trial court disallowed certain categories of fees and awarded a total of $49,393. Plaintiffs appeal only the portion of the trial court's ruling that disallowed fees for trial and trial preparation related to two of the plaintiffs, Sanchez and Gonzalez. The trial court based its ruling as to those fees on its finding that Sanchez and Gonzalez declined an informal settlement offer that exceeded the amounts they recovered at trial, and that an experienced class action attorney would have accepted the offer as to those two plaintiffs. We conclude that the trial court erred. The evidence shows that WCD did not make separate offers to Sanchez and Gonzalez. Rather, WCD's offer was a joint offer that included plaintiff Barboza. Therefore, Sanchez and Gonzalez could not alone have accepted the offer. Also, when considered in light of pre-offer attorney fees, the amounts specified in the informal offer for Sanchez and Gonzalez did not exceed their recovery at trial. Thus, we conclude that the trial court erred in its attorney fee order to the extent it disallowed $16,807 in fees for trial and trial preparation.

## BACKGROUND

We limit our discussion of the facts of this case to those relevant to the attorney fee issue. This case began in November 2004 as a class action by nine named plaintiffs, including the appellants here. The complaint alleged six causes of action. The first three causes of action alleged unlawful deductions from earned wages (Lab.Code, §§ 221, 400-410, 2802), failure to pay overtime (Lab.Code, § 1194), and failure to provide meal and rest periods (Lab.Code, §§ 512, 226.7). The fourth cause of action alleged that WCD failed to pay the wrongfully withheld wages when employees terminated their employment (Lab.Code, § 201), and the fifth cause of action sought waiting time penalties (Lab.Code, § 203). The final cause of action alleged that the conduct alleged in the other causes of action violated Business and Professions

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in Cal.Rptr.3d                                                                                           Page 2
Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

Code section 17200 et seq. Plaintiffs sought damages, penalties, and injunctive relief on behalf of themselves and all others similarly situated, and sought attorney fees under Labor Code sections 218.5 and 1194.

Plaintiffs took a single deposition (of WCD's person most knowledgeable), responded to discovery propounded by WCD, and moved to certify the class. The trial court denied the motion in October 2005, and plaintiffs filed a notice of appeal from that ruling. In early February 2006, with the original trial date approaching, plaintiffs and WCD jointly filed an ex parte application seeking confirmation that the case was stayed pending resolution of the appeal from the denial of class certification. The trial court denied the ex parte application, and plaintiffs sought a writ of supersedeas in this court. We summarily denied the writ petition.

*2 The case went to trial as to three of the named plaintiffs (the other named plaintiffs settled their individual claims and withdrew from the lawsuit). Plaintiffs prevailed on all but one of their causes of action (the jury found against each of them on their meal and rest period claim), and were awarded the following amounts: $26,712.15 to Barboza, $9,660.90 to Gonzalez, and $2,486.68 to Sanchez. The trial court denied their request for injunctive relief, finding that plaintiffs failed to meet their burden to show that WCD was engaged in ongoing unlawful practices.

Plaintiffs moved for attorney fees under Labor Code sections 218.5 and 1194. [FN1] In their moving papers, plaintiffs explained they were not seeking fees for work related solely to class action issues (including time devoted to the class certification motion) or for work solely related to claims for which there was no attorney fee statute directly applicable. They submitted time records for the fees they sought, declarations from two Los Angeles employment attorneys setting forth their hourly rates and experience, and declarations from Smith and from plaintiffs' other attorney, Douglas A. Barritt (who described his legal experience). In his declaration, Smith described the conduct of the litigation and authenticated the time records for the fees plaintiffs sought. He also included a few references to settlement discussions the parties had during the course of the litigation: he stated that the parties discussed settlement immediately after the complaint was filed, but WCD insisted on discussing settlement only on an individual basis, and he also declared that WCD made an informal settlement offer just before trial in an aggregate amount that was less than the judgment obtained. But Smith averred that those settlement discussions were largely irrelevant to the motion because the only Code of Civil Procedure section 998 offers (hereafter section 998 offers) WCD made were for $250 to each plaintiff.

> FN1. Labor Code section 218.5 provides in relevant part: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."
> Labor Code section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

WCD argued in its opposition to plaintiffs' motion that the amount of fees awarded (if any) should be reduced for several reasons. Among other things, WCD contended that the fees related to trial work should be reduced by at least two-thirds because plaintiffs Sanchez and Gonzalez rejected WCD's settlement offer, in which WCD "agreed to pay the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in Cal.Rptr.3d                                                                                              Page 3
Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

sum demanded by the plaintiffs," which exceeded the amount those plaintiffs recovered at trial. In support of this assertion, WCD presented a collection of emails attached to the declaration of WCD's attorney, Henry C. Truszkowski, filed in support of WCD's opposition to plaintiffs' motion. Truszkowski declared that the collection of emails he attached "is a true and correct copy of email correspondence exchanged between counsel on or about February 24, 2006." He did not explain the background or context for the emails. One of those emails appears to have been sent by Truszkowski at 12:28 p.m. on February 24, 2006, and offers a "[t]otal settlement amount" of $34,598 ($3,538 for Sanchez, $12,060 for Gonzalez, $14,000 for Barboza, and $5,000 for attorney fees).

*3 In their reply brief, plaintiffs argued that the court should not consider the parties' informal settlement discussions in determining plaintiffs' right to attorney fees, particularly in light of WCD's section 998 offers of $250 to each plaintiff. Plaintiffs also contended that WCD misrepresented the facts regarding the settlement, because (1) the settlement offer required all three plaintiffs to accept, and therefore Sanchez and Gonzalez could not settle their claims unless Barboza also agreed to settle; (2) the aggregate amount of the settlement offer was less than the aggregate amount awarded at trial; and (3) the settlement offer limited plaintiffs' recovery of attorney fees to $5,000, which was significantly less than the fees to which they were entitled at the time of the offer. Plaintiffs supported their factual assertions with a supplemental declaration by Smith, who described the settlement discussions--which he stated took place both orally and by email-during the week before trial.

Smith declared that on February 21, 2006, six days before trial was set to begin on the individual claims by the three remaining plaintiffs, Smith proposed to Truszkowski that the parties stipulate to facts and damages to avoid the need for a jury trial. Two days later, Smith spoke to Truszkowski and told him the amounts to which each plaintiff would stipulate. Smith suggested that WCD negotiate separately with each plaintiff because plaintiff Barboza's damages were considerably higher than the other plaintiffs' damages. Truszkowski, however, repeatedly stated that WCD would not consider settling with one of the plaintiffs if it did not settle with all of the plaintiffs. Nonetheless, Truszkowski did agree to offer separate amounts for each plaintiff as part of an aggregate proposal that all three plaintiffs would have to accept. That evening, Truszkowski followed up that conversation with an email confirming the amounts Smith proposed as to each plaintiff: $26,000 for Barboza, $12,000 for Gonzalez, and $4,000 for Sanchez.

Two hours later, Truszkowski sent another email to Smith "[i]n response to plaintiffs' $42k aggregate proposal." Truszkowski made a settlement offer of $4,000 for Sanchez, $12,000 for Gonzalez, and $14,000 for Barboza. He noted that payments would be on an installment basis and that "[e]ach side is to bear their own fees and costs." The following morning, Smith emailed Truszkowski and explained that the amounts he had proposed as part of the stipulation did not include attorney fees and costs, and that plaintiffs reserved their right to move for attorney fees and costs as allowed by law. Smith also revised the proposed stipulated damages, and proposed $17,900 for Barboza, $12,060 for Gonzalez, and $3,538 for Sanchez, for a total of $33,498. Truszkowski responded that Smith's "stipulation arrangement is unacceptable" and proposed the following settlement: $3,538 for Sanchez, $12,060 for Gonzalez, $14,000 for Barboza, $5,000 for attorney fees, for a "[t]otal settlement amount" of $34,598. Smith rejected that offer. Although Smith and Truszkowski continued to discuss possible resolutions, they were not able to agree and the matter proceeded to trial.

*4 The court held two hearings on plaintiffs' attorney fee motion. At the first hearing, the court indicated that it needed a more detailed breakdown of the attorney time spent on various issues, and specifically asked for a breakdown of the time spent after WCD's last settlement offer. In response to the court's statement that WCD's offer to two of the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in Cal.Rptr.3d                                                                                              Page 4
Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

plaintiffs was greater than the amounts awarded, Smith noted that the evidence was undisputed that the offer required all three plaintiffs to accept. The court continued the hearing to allow the parties to submit supplemental briefs and declarations. The supplemental papers WCD submitted included letters from Truszkowski to Smith regarding a $15,000 settlement offer WCD made in December 2005, and letters sent in February 2006 in which Truszkowski asks Smith to provide him with the amounts plaintiffs were claiming. Those letters were attached to Truszkowski's supplemental declaration, which also included two statements regarding the settlement discussions. Truszkowski declared that he made a "verbal proposal for a dismissal without prejudice in exchange for a tolling agreement," which Smith rejected, and that he made a proposal for high/low arbitration to resolve the attorney fee issue, which Smith also rejected. Truszkowski did not provide any facts that contradicted Smith's account of the settlement discussions set forth in his supplemental declaration, including Smith's statement that Truszkowski told him the settlement offer was a joint offer that could be accepted only if all of the plaintiffs accepted it.

The trial court took the matter under submission after the second hearing and subsequently issued its ruling awarding plaintiffs attorney fees in the amount of $49,393. The court disallowed fees for certain categories of work, with a total disallowed amount of $30,319. In disallowing $16,807 in fees for trial and trial preparation, the court wrote: "Mr. Smith's declaration states that he billed $26,807 for his time *after* defendant offered to settle the case as to Gonzalez and Sanchez[,] who at trial received less than the settlement offer. This Court concludes an experienced class action attorney would have settled the Gonzalez and Sanchez cases and would have then billed for no more than 40 hours to prepare and try the Barboza case. At $250 per hour times 40 hours, the reasonable fees are $10,000."

Plaintiffs timely filed a notice of appeal from the trial court's order, stating they appeal only from the portion of the order denying $16,807 in fees incurred at trial. WCD filed a notice of cross-appeal; the cross-appeal was dismissed when WCD failed to file a brief.

### DISCUSSION

Plaintiffs contend the trial court abused its discretion by reducing their attorney fee award based on its finding that Smith rejected a settlement offer as to Gonzalez and Sanchez that was greater than the amount they recovered at trial. They make four arguments in support of their contention: (1) the trial court improperly considered an informal settlement offer; [FN2] (2) plaintiffs properly rejected the settlement offer because they owed a fiduciary duty to the putative class to protect the interests of absent class members, which interests plaintiffs contend might have been prejudiced had they voluntarily settled their claims; (3) the undisputed evidence showed that the settlement offer was a joint offer made to all three plaintiffs, and Gonzalez and Sanchez could not have accepted it without Barboza's acceptance; and (4) the undisputed evidence showed that the settlement offer did not exceed the judgment Gonzalez and Sanchez obtained when their pre-offer attorney fees are taken into account. We conclude that plaintiffs' latter two contentions have merit, and therefore do not address plaintiffs' other arguments.

> FN2. Plaintiffs acknowledge the California courts of appeal have issued conflicting opinions on the issue whether trial courts may reduce an attorney fee award by the amount of fees incurred by a party after that party has rejected an informal settlement offer in an amount greater than that recovered at trial. The Sixth Appellate District held in *Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, that the trial court may consider such informal settlement offers. The First Appellate District, Division Four, in *Greene v. Dillingham Construction N.A., Inc.* (2002) 101 Cal.App.4th 418, disagreed with the *Meister* court's reasoning. Instead, the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in Cal.Rptr.3d                                                                                      Page 5
Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

court in *Greene* agreed with the several federal courts that have held that consideration of an informal settlement offer is not permitted where a party has the option to make a formal settlement offer under a statute (such as Code Civ. Proc., § 998) that provides for a penalty against a party who rejects the offer and fails to obtain a more favorable judgment. (*Id.* at pp. 425-426.)

*5 We review the trial court's ruling on attorney fees under the abuse of discretion standard. (*Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326, 331.) But where the court's exercise of discretion is based upon factual findings, we must "first determine whether substantial evidence supports the factual basis on which the trial court acted, and then determine whether the orders made by the trial court were an abuse of discretion in light of those facts." (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 430.)

In the present case, the trial court noted that plaintiffs were entitled under Labor Code sections 218.5 and 1194 to their reasonable fees and costs as the prevailing parties. But the court also noted that "[a] trial court may conclude that hours expended after an oral settlement offer are not 'reasonably spent.' " (Citing *Meister v. Regents of University of California, supra,* 67 Cal.App.4th at p. 448.) The court then found that Smith rejected WCD's pretrial settlement offers to Gonzalez and Sanchez, and that those two plaintiffs ultimately received less than the settlement offers. In light of these findings, the court awarded fees for trial preparation and trial based upon its determination of the reasonable number of hours that would have been spent had the matter gone to trial just as to Barboza, awarding $10,000 and disallowing $16,807 in fees. The evidence, however, is insufficient to support the court's findings.

A finding that Smith rejected settlement offers WCD made to Gonzalez and Sanchez implies that Gonzalez and Sanchez alone could have accepted the offers, without acceptance by Barboza as well. WCD argued in its opposition to plaintiffs' motion for attorney fees that WCD "actually agreed to pay the sum demanded," and that Gonzalez and Sanchez "rejected favorable settlement amounts." But the only evidence WCD provided in support of this argument--a series of emails between Smith and Truszkowski--suggests that the offer WCD made was a joint offer to all three plaintiffs. The email in which WCD "agreed" to the amounts Smith proposed for Gonzalez and Sanchez also included a proposed amount for Barboza (which was less than the amount Smith proposed), plus $5,000 in attorney fees, and ended with the statement, "Total settlement amount is $34,598.00. Please let us know what your clients want to do." Moreover, plaintiffs submitted the sworn declaration of Smith in which he stated that Truszkowski told him that WCD would offer separate amounts to each plaintiff, but only as part of an aggregate settlement, and that WCD would settle only if all of the plaintiffs agreed to settle. WCD presented no evidence to contradict Smith's declaration. Thus, the uncontradicted evidence shows that WCD did not make individual settlement offers to Gonzalez and Sanchez.

Further, even if Truszkowski's email could be construed to be separate offers to each of the plaintiffs, the evidence established that the offers did not exceed Gonzalez's and Sanchez's recovery. While it is true that the damages and penalties they were awarded at trial were less than the amounts listed for them in the email, that is not the relevant comparison. Instead, when determining whether a settlement offer exceeds a plaintiff's recovery after trial, the court must take into account the plaintiff's pre-offer costs, including statutory attorney fees. (See, e.g., *Heritage Engineering Construction, Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435; *Kelly v. Yee* (1989) 213 Cal.App.3d 336, 342; *Shain v. City of Albany* (1980) 106 Cal.App.3d 294, 299; *Bennett v. Brown* (1963) 212 Cal.App.2d 685, 688.)

*6 In this case, WCD's "offer" consisted of $3,538 to Sanchez and $12,060 to Gonzalez, plus $5,000 in

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in Cal.Rptr.3d                                                                                           Page 6

Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.)
**Not Officially Published**
**(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)**

(Cite as: 2007 WL 1810663 (Cal.App. 2 Dist.))

attorney fees to all three plaintiffs. Assuming the attorney fees would be divided equally among the plaintiffs, the total offer was $5,204.66 to Sanchez and $13,726.66 to Gonzalez. At trial, Sanchez was awarded $2,334 and Gonzalez was awarded $8,638. To those sums must be added the attorney fees plaintiffs incurred up to the time of the offer. The trial court impliedly determined that plaintiffs reasonably incurred $36,893 up to that point. [FN3] That amount must be divided equally among the plaintiffs and added to the amounts awarded at trial, resulting in judgments of $14,631.66 for Sanchez and $20,935.66 for Gonzalez, both of which are significantly in excess of the "offers" WCD made to them.

> FN3. We reach this conclusion by subtracting from the trial court's attorney fee award of $49,393 the amount of fees awarded for work related to the trial ($10,000) and the attorney fee motion ($2,500).

We conclude that the evidence is insufficient to support the trial court findings that Gonzalez and Sanchez rejected a settlement offer more favorable than the results they obtained at trial. Therefore, the trial court erred by disallowing post-offer attorney fees based upon those findings. Hence, plaintiffs are entitled to an additional $16,807 in attorney fees.

In addition to seeking reversal of the trial court's ruling, plaintiffs ask this court to reassign this case to a different judge on remand, under Code of Civil Procedure section 170.1, subdivision (c). We decline plaintiffs' request. "The power of the appellate court to disqualify a judge under Code of Civil Procedure section 170.1, subdivision (c), should be exercised sparingly, and only if the interests of justice require it." (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303.) Based on the record before this court, this is not a case in which the interests of justice suggest the need to reassign the case to a different judge.

### DISPOSITION

The portion of the order awarding attorney fees to plaintiffs that disallows $16,807 in fees for trial and trial preparation is reversed and the trial court is directed to amend the attorney fee award to include those fees. Plaintiffs shall recover their costs on appeal.

We concur: EPSTEIN, P.J., and MANELLA, J.

Not Reported in Cal.Rptr.3d, 2007 WL 1810663 (Cal.App. 2 Dist.) Not Officially Published, (Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.